1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# SOUTHERN DISTRICT OF CALIFORNIA

10
11

ROBERT MITCHELL,

12

Plaintiff,

vs.

13

BRANHAM, et al.,

14

Defendants.

15

CASE NO. 04CV550 WQH (WMc)

ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

16
17
18

HAYES, Judge:

Pending before the Court is Plaintiff's motion for leave to file a Second Amended Complaint. (Doc. # 52).

19

## BACKGROUND

20
21
22
23

On March 12, 2004, Plaintiff Robert Mitchell filed the Complaint in this case. (Doc. # 1). The Complaint (Doc. # 1) asserted claims for retaliation, access to the courts, violation of Plaintiff's right to equal protection, negligence, and "torts in essence" against Defendants Branham and Guthrie, among others. (Doc. # 1).

24
25
26
27
28

On August 22, 2006, Plaintiff filed a First Amended Complaint. (Doc. # 40). The First Amended Complaint asserted claims for retaliation, equal protection, and negligence against Defendants Branham and Guthrie. (Doc. # 40). On September 7, 2006, Defendants moved to dismiss the First Amended Complaint. (Doc. # 41). On May 25, 2007, the Court granted in part and denied in part Defendants' motion to dismiss. (Docs. # 46, 47). The Court granted the motion to dismiss with

1  respect to Plaintiff's equal protection claim, but denied the motion to dismiss with respect to Plaintiff's

2  claims for retaliation and negligence. (Docs. # 46, 47).

3          On June 8, 2007, Defendants filed an answer to the First Amended Complaint. (Doc. # 48).

4          On August 6, 2007, Plaintiff filed the pending motion for leave to file a Second Amended

5  Complaint. (Doc. # 52).

6                                    **DISCUSSION**

7          Plaintiff seeks leave to file a Second Amended Complaint "for the sole purpose of providing

8  the Court and all parties clear and concise causes of action." (Doc. # 52-1 at 3). In the Second

9  Amended Complaint, Plaintiff drops his claim for negligence and substitutes in its place a claim for

10 violation of Plaintiff's right to due process. Plaintiff states that "[j]ustice requires" the Court to allow

11 Plaintiff to file a Second Amended Complaint. (Doc. # 52-1 at 3).

12         Defendants oppose the motion on the grounds that the filing of the Second Amended

13 Complaint would prejudice Defendants. Defendants also note that Plaintiff has unduly delayed in

14 filing this motion, and that the amendment to add a due process claim is futile.

15 **I. Legal Standards**

16         After the defendant has filed an answer, a plaintiff may amend a complaint only with "leave

17 of court or by written consent of the adverse party." FED. R. CIV. P. 15(a).          Leave to amend

18 shall be "freely given when justice so requires." FED. R. CIV. P. 15(a); *see also Foman v. Davis*, 371

19 U.S. 178, 182 (1962).

20         "Four factors are commonly used to determine the propriety of a motion for leave to amend.

21 These are: bad faith, undue delay, prejudice to the opposing party, and futility of amendment." *DCD*

22 *Programs v. Leighton*, 833 F.2d 183, 186 (9th Cir.1987) (citations omitted). Courts also consider

23 whether discovery has ended, whether the plaintiff has previously been given the opportunity to

24 amend, and whether the facts or theories upon which the sought-after amendment is based were known

25 to the plaintiff previously. *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994). The decision to grant

26 leave to amend is "one that rests in the sound discretion of the trial court." *Bovarie v. Woodford*,

27 06CV687 BEN (NLS), 2006 U.S. Dist. LEXIS 82203, *6 (S.D. Cal. Nov. 9, 2006).

28

## II.  Whether the Court Should Grant Leave To Amend

Plaintiff filed the original Complaint in this matter more than three-and-a-half years ago, and now seeks to add a claim for due process.  Plaintiff cites almost no law in support of the motion, but notes that justice requires that the Court allow Plaintiff leave to amend.  Defendants contend that the motion for leave to file a Second Amended Complaint should be denied because of undue delay, prejudice to Defendants, and because the amendment would be futile.

Aside from dropping his claim for negligence in favor of the claim for violation of the right to due process, Plaintiff's proposed Second Amended Complaint is virtually identical to the already filed First Amended Complaint.  *See* (Docs. # 40, 52-2).

### A.  Delay

After reviewing the docket and Plaintiff's previously filed Complaints, the Court finds that Plaintiff has unduly delayed in seeking to add the due process claim.  Plaintiff has been aware of the underlying facts in this case for more than five years–and filed the Complaint more than three years ago–yet only now seeks to add the due process claim.  As noted by the Court of Appeal for the Ninth Circuit, "[l]ate amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." *Kaplan*, 49 F.3d at 1370.  The Court finds that Plaintiff's undue delay weighs against granting Plaintiff leave to amend under the facts of this case.

### B.  Prejudice

Where discovery has ended and plaintiff has previously been granted leave to amend, "a district court's discretion over amendments is especially broad" because of the prejudice granting leave to amend will cause to the defendant. *Kaplan*, 49 F.3d at 1370.  Indeed, "[s]omewhere along the line, the rights of the defendants to be free from costly and harassing litigation must be considered," along with "the time and energies of our courts and the rights of would-be litigants awaiting their turns to have other matters resolved." *Poppenheim v. Portland Boxing & Wrestling Co.*, 442 F.2d 1047, 1054 (9th Cir. 1971).  Here, it is undisputed that the parties have completed discovery and that the Court has previously granted plaintiff leave to amend.  The Court finds that these facts weigh against granting Plaintiff leave to amend here.

1

**C.  Futility**

2

Plaintiff's proposed Second Amended Complaint differs from the First Amended Complaint

3

only in so far as it adds a section 1983 claim for violation of Plaintiff's right to due process.

4

Specifically, Plaintiff alleges that Defendants' decision to "confiscate and withhold" Plaintiff's legal

5

materials violated Plaintiff's right to due process.  (Doc. # 52-2 at 9).  However, as noted by the Court

6

of Appeal for the Ninth Circuit, "a negligent or intentional deprivation of a prisoner's property fails

7

to state a claim under section 1983 if the state has an adequate post deprivation remedy," and

8

"California Law provides an adequate post-deprivation remedy for any property deprivations."

9

*Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994); *see also Blueford v. Prunty*, 108 F.3d 251,

10

255-56 (9th Cir. 1997); *Harris v. Horel*, No. C 07-4924 MJJ (PR), 2007 U.S. Dist. LEXIS 81110, *2-3

11

(N.D. Cal. Oct. 12, 2007).  Here, the Court finds that Plaintiff's due process claim is based upon

12

allegations that Defendants deprived Plaintiff of his property.  Accordingly, and after reviewing the

13

case law, the Court finds that Plaintiff's proposed section 1983 claim for violation of Plaintiff's right

14

to due process is futile, and does not warrant granting leave to amend.

15

**CONCLUSION**

16

After reviewing the moving papers, the docket in this case, and the case law, the Court

17

concludes that Plaintiff's undue delay, prejudice to Defendant, and the futility of the proposed

18

amendment preclude the Court from granting Plaintiff's motion for leave to amend.  Consequently,

19

Plaintiff's motion for leave to file a Second Amended Complaint (Doc. # 52) is DENIED.  The First

20

Amended Complaint (Doc. # 40) remains the operative pleading in this case.

21

**IT IS SO ORDERED**.

22

DATED:  December 18, 2007

23

*William Q. Hayes*

24

**WILLIAM Q. HAYES**
United States District Judge

25

26

27

28

04CV550 WQH (WMc)